JMS:JRS/DR/SMS
F. #2021R00129

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

DERYCK THOMPSON,

            Defendant.

- - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

20 CR 293 (S-1) (WFK)

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and DERYCK THOMPSON (the "defendant") agree to the following:

        1.     The defendant will plead guilty to Count Fourteen of the above-captioned superseding indictment (the "Indictment"), charging a violation of 18 U.S.C. § 1959(a)(3). The count carries the following statutory penalties:

        a.     Maximum term of imprisonment: 20 years
            (18 U.S.C. § 1959(a)(3)).

        b.     Minimum term of imprisonment: 0 years
            (18 U.S.C. § 1959(a)(3)).

        c.     Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
            (18 U.S.C. § 3583(b) & (e)).

        d.     Maximum fine: $250,000
            (18 U.S.C. § 3571(b)(3)).



  e. Restitution:  Mandatory in the full amount of each victim's losses as determined by the Court
(18 U.S.C. §§ 3663A and 3664).

  f. $100 special assessment
(18 U.S.C. § 3013).

  g. Criminal forfeiture as set forth in paragraphs 7 through 12
(18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p)).

  2. The defendant stipulates and admits that, in addition to the crime charged in Count Fourteen: (1) for the purpose of maintaining and increasing his position in the Folk Nation Gangster Disciples ("GD"), an enterprise engaged in racketeering activity, he, together with others, did knowingly and intentionally attempt to murder one or more individuals in the vicinity of 960 East 81st Street, Brooklyn, New York, on or about November 7, 2020, as charged in Count Eleven of the Indictment; (2) for the purpose of maintaining and increasing his position in GD, an enterprise engaged in racketeering activity, he, together with others, did knowingly and intentionally attempt to murder one or more individuals in the vicinity of 10 Argyle Road, Brooklyn, New York, on or about November 9, 2020, as charged in Count Sixteen of the Indictment; and (3) for the purpose of maintaining and increasing his position in GD, an enterprise engaged in racketeering activity, he, together with others, did knowingly and intentionally attempt to murder one or more individuals in the vicinity of 41 Newport Street, Brooklyn, New York, on or about November 9, 2020, as charged in Count Eighteen of the Indictment.  The defendant stipulates that the conduct described in this paragraph shall be considered by the Court pursuant to U.S.S.G.

§ 1B1.2(c) "as if the defendant had been convicted of additional count(s) charging those offense(s)."

   3. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates that the likely adjusted offense level under the Guidelines is 40, which is predicated on the following Guidelines calculation:

<u>Attempted Murder in-aid-of Racketeering</u> (Count Eleven)

| | | |
|---|---|---:|
| | Base Offense Level (§§ 2E1.3(a)(2), 2A2.1(a)(1)) | 33 |
| Plus: | Defendant was a manager or supervisor (§ 3B1.1(b)) | <u>+3</u> |
| | Total: | <u>36</u> |

<u>Assault with a Dangerous Weapon in-aid-of Racketeering</u> (Count Fourteen)

| | | |
|---|---|---:|
| | Base Offense Level (§§ 2E1.3(a)(2), 2A2.1(a)(1)) | 33 |
| Plus: | Defendant was a manager or supervisor (§ 3B1.1(b)) | <u>+3</u> |
| | Total: | <u>36</u> |

Attempted Murder in-aid-of Racketeering (Count Sixteen)

|  |  |
|---|---|
| Base Offense Level (§§ 2E1.3(a)(2), 2A2.1(a)(1)) | 33 |
| Plus: Defendant was a manager or supervisor (§ 3B1.1(b)) | +3 |
| Total: | 36 |

Attempted Murder in-aid-of Racketeering (Count Eighteen)

|  |  |
|---|---|
| Base Offense Level (§§ 2E1.3(a)(2), 2A2.1(a)(1)) | 33 |
| Plus: Defendant was a manager or supervisor (§ 3B1.1(b)) | +3 |
| Total: | 36 |

Multiple Count Analysis (§§ 3D1.1, 3D1.4)

Highest Adjusted Offense Level: 36

|  |  | Level | Units |
|---|---|---|---|
| Group 1: | Count Eleven | 36 | 1 unit |
| Group 2: | Count Fourteen | 36 | 1 unit |
| Group 3: | Count Sixteen | 36 | 1 unit |
| Group 4: | Count Eighteen | 36 | 1 unit |
| Total Units |  |  | 4 units |

Plus: 4 Levels (§ 3D1.4) +4

Total: 40

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 38 and a range of imprisonment of 235 to 293 months, assuming that the defendant falls within Criminal History Category I. However, because the statutory maximum term of imprisonment is 240 months, the effective Guidelines range of imprisonment would be 235

4

to 240 months. In addition, an upward departure may be warranted pursuant to U.S.S.G. § 2A2.1 note 2. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before September 23, 2022, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 37. This level carries a range of imprisonment of 210 to 262 months, assuming that the defendant falls within Criminal History Category I. However, because the statutory maximum term of imprisonment is 240 months, the effective Guidelines range of imprisonment would be 210 to 240 months. In addition, an upward departure may be warranted pursuant to U.S.S.G. § 2A2.1 note 2. The defendant stipulates to the above Guidelines calculation.

    4. The Guidelines estimate set forth in paragraph 3 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

    5. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 240 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that

5

(a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (1) the statutes to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 6(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

6. The Office agrees that:

    a. no further criminal charges will be brought against the defendant for (1) conspiring to murder in-aid-of racketeering rival gang members in or about and between November 7, 2020 and November 9, 2020, as charged in Count Ten of the Indictment; (2) attempting to murder in-aid-of racketeering one or more individuals in the vicinity of 960 East 81st Street, Brooklyn, New York, on or about November 7, 2020, as charged in Count Eleven of the Indictment; (3) attempting to assault with a dangerous weapon in-aid-of racketeering one or more individuals in the vicinity of 960 East 81st Street, Brooklyn, New York, on or about November 7, 2020, as charged in Count Twelve of the Indictment; (4) attempting to murder in-aid-of racketeering one or more individuals in the vicinity of 9205 Avenue L, Brooklyn, New York, on or about November 7, 2020, as charged in Count Thirteen of the Indictment; (5) assaulting with a dangerous weapon in-aid-of racketeering the individuals identified in the Indictment as John Doe #4 and John Doe #5 on or about November 7, 2020, as

charged in Count Fourteen of the Indictment; (6) possessing, brandishing and discharging a firearm during a crime of violence, on or about November 7, 2020, as charged in Count Fifteen of the Indictment; (7) attempting to murder in-aid-of racketeering one or more individuals in the vicinity of 10 Argyle Road, Brooklyn, New York, on or about November 9, 2020, as charged in Count Sixteen of the Indictment; (8) attempting to assault with a dangerous weapon in-aid-of racketeering one or more individuals in the vicinity of 10 Argyle Road, Brooklyn, New York, on or about November 9, 2020, as charged in Count Seventeen of the Indictment; (9) attempting to murder in-aid-of racketeering one or more individuals in the vicinity of 41 Newport Street, Brooklyn, New York, on or about November 9, 2020, as charged in Count Eighteen of the Indictment; (10) assaulting with a dangerous weapon in-aid-of racketeering the individual identified in the Indictment as Jane Doe #2 on or about November 9, 2020, as charged in Count Nineteen of the Indictment; and (11) possessing, brandishing and discharging a firearm during a crime of violence, on or about November 9, 2020, as charged in Count Twenty of the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment and any underlying indictment with prejudice;

and, based upon information now known to the Office, it will

    b.    take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

    c.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 6(b) and 6(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be

7

released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 3 above; and (b) the provisions of paragraphs 6(a)-(c).

7. The defendant acknowledges that he obtained and/or acquired property that is subject to forfeiture as a result of his violations of 18 U.S.C. § 1959(a)(3), as alleged in the Indictment. The defendant consents to the forfeiture of all right, title and interest in the following assets: (a) one 9mm Luger caliber Kahr Arms model PM9 semi-automatic pistol bearing serial number 1B3064 seized from his person on or about September 6, 2020, in or around Brooklyn, New York, and ammunition contained therein; and (b) one 9mm Luger Caliber Taurus model G2C semi-automatic pistol bearing serial number ABC421004 seized from his residence in or around Brooklyn, New York, on or about August 10, 2021, and ammunition contained therein (the "Substitute Firearms and Ammunition"). The defendant agrees that the Substitute Firearms and Ammunition represent any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. §§ 922 or 924, or any other violation of any criminal law of the United States and/or substitute assets, and thus are forfeitable to the United States pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), in an administrative or judicial (civil or criminal) proceeding at the Office's election. The defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeiting the Substitute Firearms and Ammunition.

8. If the defendant fails to surrender and forfeit the Substitute Firearms and Ammunition, the defendant consents to the forfeiture of any other property of his up to

the amount of the value of the Substitute Firearms and Ammunition, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

9. The defendant agrees to fully assist the government in effectuating the surrender and forfeiture of the Substitute Firearms and Ammunition to the United States, and to take whatever steps are necessary to ensure that clear title passes to the United States, including the execution of any documents necessary to effectuate the surrender and transfer of title to the United States. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the Substitute Firearms and Ammunition in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Substitute Firearms and Ammunition in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third party files a claim to the Substitute Firearms and Ammunition, the defendant will assist the government in defending such claim.

10. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

11. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder,

including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Substitute Firearms and Ammunition, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

12. The defendant agrees that the forfeiture of the Substitute Firearms and Ammunition is not to be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

13. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

14. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement

supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
September 22, 2022

BREON PEACE
United States Attorney
Eastern District of New York

By: *(signature)*
Jonathan Siegel
Dana Rehnquist
Sophia M. Suarez
Assistant United States Attorneys

Approved by:

*(signature)*
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

*Deryck Thompson*
Deryck Thompson
Defendant

Approved by:

*(signature)*
Jonathan Rosenberg, Esq.
Counsel to Defendant

*Nancy Tang for Jonathan Rosenberg*

11